UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JOANN LEGENDRE                                         CIVIL ACTION

VERSUS                                                 No. 18-5487

MAPFRE INSURANCE COMPANY,                              SECTION: "J"(4)
ET AL.

## ORDER AND REASONS

Before the Court is a *Motion to Remand* **(Rec. Doc. 7)** filed by Plaintiff Joann Legendre.[1] Defendants, Commerce Insurance Company ("Commerce")[2] and Currin Wallis, filed an opposition. (Rec. Doc. 12). Considering the motion, the memoranda, the record, and the law, the Court finds the motion should be **DENIED**.

## FACTS AND PROCEDURAL BACKGROUND

This litigation derives from an October 30, 2017 automobile accident involving Ms. Legendre and Ms. Wallis. Ms. Legendre filed suit against Ms. Wallis (and her family) for injuries allegedly caused by the accident, in Civil District Court for the Parish of Orleans. Defendants removed to this Court on the basis of diversity jurisdiction.[3] Plaintiff now asks for remand—arguing Currin Wallis is in fact a citizen of Louisiana and diversity is therefore incomplete.[4]

---

[1] The Court uses the spelling of Plaintiff's name that Plaintiff used in her original state court pleadings, which is the same way it appears in the caption, not the spelling used in Plaintiff's motion to remand, "Joanne."
[2] Commerce was incorrectly named as "MAPFRE Insurance Company d/b/a The Commerce Insurance Company" in the original pleadings.
[3] (Rec. Doc. 1 at 3).
[4] (Rec. Doc. 7 at 1).

Ms. Wallis was born in Massachusetts, and she lived there for the first 18 years of her life.[5] She claims Concord, Massachusetts, as her permanent residence although she now lives in New Orleans, Louisiana, as she did at the time of the accident.[6] Since before the accident, she has worked as a case manager for Catholic Charities, located just outside New Orleans in Metairie, Louisiana.[7] She purchased her vehicle in Louisiana and registered it in Louisiana.[8] She has, however, kept her Massachusetts driver's license.[9]

When Ms. Wallis first moved to New Orleans in 2012, she began living in a dorm room at Tulane University as a student.[10] In May of 2014, Ms. Wallis moved back to Massachusetts for the first half of the summer after her sophomore year. She then moved to Buenos Aries, Argentina, for a full year. She then spent the next year, from July 2015 to July 2016, back in New Orleans at Tulane. Ms. Wallis graduated from Tulane in May of 2016, and from July to October 2016, Ms. Wallis lived in El Salvador.[11] She then moved to Mexico City, Mexico, for an internship with Amnesty International for a period of six to seven months.[12]

Ms. Wallis moved back to New Orleans in April of 2017. Since moving back to New Orleans she has moved between apartments or homes several times, but she has not moved away from the city. In a response to an interrogatory question, she states

---

[5] (Rec. Doc. 12-3 at 2).
[6] (Rec. Doc. 7-5 at 9).
[7] (Rec. Doc. 7-5 at 11).
[8] (Rec. Doc. 7-5 at 12).
[9] (Rec. Doc. 12-4).
[10] (Rec. Docs. 7-5 at 14, 23).
[11] (Rec. Doc. 12 at 6).
[12] (Rec. Docs. 7-5 at 14; 12-3 at 5).

she "moved to Louisiana to attend school and did not form any intent to stay here permanently; she currently plans to move back to Mexico City in the near future."[13]

Plaintiff has provided evidence that since moving to New Orleans, Ms. Wallis has integrated herself with the community. Ms. Wallis works for Catholic Charities, Archdiocese of New Orleans, an organization dedicated to providing social services to the poor and vulnerable in the greater New Orleans area. Her social media posts suggest she has volunteered as a dance instructor for a community cultural organization, and she has posted on social media regarding local protests of national events.[14] Finally, she opened checking and savings accounts in Louisiana with JP Morgan Chase Bank.[15]

Nevertheless, Ms. Wallis has maintained significant ties to the Commonwealth of Massachusetts. In addition to maintaining her Massachusetts driver's license, she has kept her same cellphone number, which as a Massachusetts area code.[16] She registered to vote in Massachusetts and has not registered to vote in Louisiana.[17] In fact, she voted via absentee ballot in the 2016 presidential election.[18] She has active accounts with two Massachusetts based banking institutions.[19] She made tax filings for 2016 and 2017 in Massachusetts, and she uses a public accountant based in Massachusetts to help her with her filings.[20] Her primary care physician, her

---

[13] (Rec. doc. 7-5 at 16).
[14] (Rec. Docs. 7-5 at 21, 23).
[15] (Rec. Doc. 7-5 at 13).
[16] (Rec. Doc. 12-3 at 2).
[17] (Rec. Doc. 12-3 at 2).
[18] (Rec. Doc. 12-3 at 3).
[19] (Rec. Doc. 12-3 at 3).
[20] (Rec. Doc. 12-3 at 3).

dermatologist, and her dentist are all based in Concord.[21] Finally, she has averred that she has returned to Concord for family trips and holidays.[22] Despite her significant connection to Massachusetts, Ms. Wallis has not suggested she intends to return there. Her asserted intent is to "return to Mexico and work with Amnesty International, where [she] previously interned, or another non-governmental or non-profit organization that works with immigrant and refugee populations, specifically, women and children."[23]

## **STANDARD OF LAW**

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a) (2011). "A federal district court has subject matter jurisdiction over a state claim when the amount in controversy is met and there is complete diversity of citizenship between the parties." *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013) (citing 28 U.S.C. § 1332(a)). The amount in controversy required by § 1332(a) is currently $75,000. *Id.* The court considers the jurisdictional facts that support removal as of the time of removal. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000). Because removal raises significant federalism concerns, any doubt about the propriety of removal must be resolved in favor of remand. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007).

---

[21] (Rec. Doc. 12-3 at 3).
[22] (Rec. Doc. 12-3 at 4).
[23] (Rec. Doc. 12-3 at 5).

The only issue before the Court is the citizenship of Currin Wallis. Defendants argue Ms. Wallis never ceased being a citizen of Massachusetts.[24] Plaintiff argues that Ms. Wallis has become a citizen of Louisiana, where Ms. Wallis is indisputably a citizen.[25]

The Fifth Circuit opined at length on what makes a person a citizen of a state in *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996). "A United States citizen who is domiciled in a state is a citizen of that state." *Coury,* 85 F.3d at 249. Domicile is determined by reference to numerous factors, none of them being singularly dispositive. *Id.* at 251. "The factors may include the places where the litigant exercises civil and political rights, pays taxes, owns real and personal property, has driver's and other licenses, maintains bank accounts, belongs to clubs and churches, has places of business or employment, and maintains a home for his family." *Id.* A court "may decide the question on the basis of the pleadings, affidavits of the parties or nonparties, available depositions, and other evidentiary materials." 13E Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3612 (3d ed. 1998).

Plaintiff does not dispute that Ms. Wallis has been a citizen of Massachusetts for most of her life. Because a "person's domicile persists until a new one is acquired or it is clearly abandoned," Plaintiff must show there has been a change of domicile. *See id.* at 250 ("[T]he party attempting to show a change assumes the burden of going forward on that issue."). As the party bringing this matter to federal court, however, Defendants bear the ultimate burden of proving this Court has jurisdiction. *Id.*

---

[24] (Rec. Doc. 12 at 4).
[25] (Rec. Doc. 7 at 4).

Proving "a change in domicile requires only the concurrence of: (1) physical presence at the new location and (2) an intention to remain there indefinitely." *Id.* "A litigant's statement of intent is relevant to the determination of domicile, but it is entitled to little weight if it conflicts with the objective facts." *Id.* at 251 (citing *Freeman v. Northwest Acceptance Corp.*, 754 F.2d 553, 556 (5th Cir.1985)).

## **DISCUSSION**

The difficulty with this case is that Ms. Wallis, like many recent college graduates of her age and generation, cannot be tied to a singular place. She lived with her family in Massachusetts all her pre-adult life but left her home for a college education in New Orleans, Louisiana. While still a university student, she began traveling outside of the United States, and she has now set her sights on living and working with refugees in Mexico. There's no claim that Ms. Wallis is domiciled in Mexico though; at the date of removal, she lived in New Orleans, as she does now. The question is whether Ms. Wallis is a citizen of Massachusetts, a state she left six years ago, or Louisiana, a state she has repeatedly returned to for work and education but has never lived in continuously for more than 18 months.[26]

The Court finds that Ms. Wallis never lost her Massachusetts citizenship. While, Ms. Wallis may no longer think of Massachusetts as "[her] true, fixed, and permanent home and principal establishment, and to which [she] has the intention of returning whenever [she] is absent therefrom," she has never resided in a different state "with . . . the intention to remain there." *Mas v. Perry*, 489 F.2d 1396, 1399 (5th

---

[26] (Rec. Doc. 12-3).

Cir. 1974) (quoting *Stine v. Moore,* 213 F.2d 446, 448 (5th Cir. 1954)). Where a person has "pulled up stakes with the intention of abandoning his present domicile, but either has not arrived physically at a new one or has arrived but has not yet formulated an intention to remain there for the indefinite future" a presumption in favor of continuation of the established domicile ensures that this person—as a United States citizen—will still have access to the federal courts. 13E Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3612 (3d ed. 1998).[27] Thus, until Ms. Wallis simultaneously lives in a place *and* intends to remain there, she shall remain a citizen of Massachusetts, even as her bond to Massachusetts becomes more tenuous. The Court understands Ms. Wallis intends to move—and perhaps remain—in Mexico, but she still resides in Louisiana. Thus, both prongs have not been met simultaneously and her citizenship has not changed.

The case most directly on point compels the Court's decision. In *Mas v. Perry*, 489 F.2d 1396 (5th Cir. 1974), the plaintiff, Mrs. Mas, was domiciled in Mississippi, where her parents lived. While there, she married her husband, a Frenchman. *Mas*, 489 F.2d at 1398. Before marrying, Mr. and Mrs. Mas worked as graduate assistants at LSU in Baton Rouge for about a year. After they married in Mississippi, the couple returned to LSU, where they resumed their work as graduate assistants for another two years. They then moved to Illinois. Mr. and Ms. Mas then filed suit against a Louisiana citizen, who had been Mr. and Mrs. Mas's landlord while they worked as

---

[27] Federal courts have almost universally rejected the argument that an individual could become a citizen of no state through intransience. *But see Pannill v. Roanoke Times Co.*, 252 F. 910, 911 (W.D. Va. 1918).

graduate assistants. *Id.* At the time of trial, Mr. Mas intended to return to Baton Rouge to pursue a PhD, but the couple was undecided as to where they would go next.

Even though Mrs. Mas testified she did not intend to return to her parents' home in Mississippi, the Fifth Circuit found that, "Mrs. Mas did not effect a change of domicile since she and Mr. Mas were in Louisiana only as students and lacked the requisite intention to remain there." *Id.* at 1400. "Mrs. Mas's Mississippi domicile was disturbed neither by her year in Louisiana prior to her marriage nor as a result of the time she and her husband spent at LSU after their marriage, since for both periods she was a graduate assistant at LSU." *Id.* Like Mrs. Mas, Ms. Wallis came to Louisiana to be a student. Until May of 2016, Ms. Wallis was in New Orleans for her bachelor's degree.[28] Unlike Mrs. Mas, Ms. Wallis returned Louisiana to work for a time and not merely to continue her education, but that does not necessarily distinguish *Mas* from this case. Unless there is some evidence that Ms. Wallis developed the intention to remain in Louisiana, while she was residing here, this Court has diversity jurisdiction over the case. *See Scoggins v. Pollock*, 727 F.2d 1025, 1028 (11th Cir. 1984) (finding lack of intent to return did not effect change in domicile without evidence party intended to remain in state she was residing in).

Plaintiff argues that Ms. Wallis's assertions that she never intended to remain in Louisiana are belied by her ties to the New Orleans community. The record does not support this contention. After graduating, Ms. Wallis immediately traveled to El

---

[28] Out-of-state students are generally considered as a class to be "temporary residents who are located in the state where their school is located only for the duration and for the purpose of their studies." 13E Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3619 (3d ed. 1998).

8

Salvador and then to Mexico for an internship. She spent nearly a year outside of the United States before she returned to New Orleans in April of 2017.[29] She has continued to live and work in New Orleans since moving back to the U.S., but nothing in record contradicts her assertion that she has never intended to remain in Louisiana.

For example, although the record evinces Ms. Wallis has an interest in politics, she has never changed her voter registration to allow her to vote in Louisiana. When she last voted in 2016, she chose to vote in Massachusetts via an absentee ballot. Plaintiff points to a social media post suggesting Ms. Wallis had interest in a local protest march, but that was a local protest of *national* immigration policy. This does not convey a strong interest in remaining in the New Orleans community, only a concern for immigration policy—which is totally consistent with her desire to return to Mexico to aid refugee and immigrant populations.

Plaintiff calls attention to the fact that Ms. Wallis has opened a bank account in Louisiana. Again, this fact taken in the appropriate context does not indicate an intent to remain in Louisiana. Ms. Wallis opened this account not with a local bank, but with JP Morgan Chase, a financial behemoth with branches all over the world. Moreover, Ms. Wallis has maintained her accounts with Cambridge Trust Company, a bank headquartered in Massachusetts and without a presence in Louisiana—this relationship with a bank tied to a specific locality speaks much more clearly as to citizenship.

---

[29] (Rec. Doc. 7-5 at 14).

The Court finds Ms. Wallis is a temporary resident of Louisiana, here for the limited purposes of her education and then her work with Catholic Charities. The record indicates Ms. Wallis has done what is necessary to be a *resident*, not a *citizen* of Louisiana: she has a job and she's obtained a residence, a car, and a banking account. But she has not done more than that. Where possible, she has maintained her connections to Massachusetts. She has continued to use the services of her doctors and accountant in her home state, and she has continued to vote absentee. Most notably, she has kept her phone number with its Massachusetts area code and her Massachusetts driver's license, which both serve to project an observable continuing identity with the state. Thus, Ms. Wallis is a citizen of Massachusetts, and there is complete diversity. Furthermore, because facts of the case suggest the amount in controversy to be greater than $75,000, this Court has jurisdiction to hear this case. 28 U.S.C. § 1332.

## CONCLUSION

Accordingly,

**IT IS ORDERED** that the *Motion to Remand* **(Rec. Doc. 7)** is **DENIED**.

New Orleans, Louisiana, this 1st day of February, 2019.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE